IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMY S. VANTINE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-15-709-D |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, | ) ) ) ) | |
| Defendant. | ) | |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B). Upon initial screening of Plaintiff's *pro se* pleading, denominated a "Motion for Injunction," Judge Erwin recommends the dismissal of this action pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted. Judge Erwin finds that Plaintiff has failed to name a proper defendant and, if he had, venue is not proper in this judicial district because Plaintiff is incarcerated at the Oklahoma State Penitentiary (OSP) within the Eastern District of Oklahoma. Plaintiff has filed a timely written objection. Thus, the Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff, who appears *pro se*, seeks to obtain relief from prison rules that prevent him from obtaining legal services or indigent mail service for legal filings regarding the estates

of his deceased parents. He "petition[s] . . . the Court [to] intercede on the behalf of this indigent poor inmate in ordering the upholding of [his] rights to adequate civil, libel [sic], antitrust, trust as well as criminal services, in more availability to legal materials; legal aid; research time; copies of needed materials; [and] acceptance and mailing of legal documents." *See* Motion for Injunction [Doc. No. 1], p.1.

In his objection, Plaintiff denies that he intended to sue the Oklahoma Department of Corrections, as reflected by the case record, and notes that he named no defendant in his filings. The Court understands this argument to be an objection to Judge Erwin's finding that a state agency enjoys absolute Eleventh Amendment immunity. Upon examination of the Motion, the Court agrees with Plaintiff that he has not named any party defendant and does not seek an injunction against any particular person. Therefore, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff includes in his objection a litany of grievances or complaints regarding his treatment by unnamed prison employees or officers and conditions of confinement at OSP. The purpose of including these allegations in his objection is unclear. Liberally construing his objection, however, Plaintiff may be reciting these allegations to demonstrate what he could have said if he had intended to bring a civil rights complaint under 42 U.S.C. § 1983. The Court thus understands this argument as an objection to Judge Erwin's characterization of Plaintiff's action as one arising under § 1983. Plaintiff states that he "just need[s] an injunction into the accessibility of the law library for the reasons of settling parents[']estate to my satisfaction and holding the right of opportunity to be able to fully settle such upon my

freedom and ability to [have] full access to materials, law, and courts." *See* Objection [Doc. No. 10], p.7. The Court finds that if Judge Erwin incorrectly construed Plaintiff's action as asserting a § 1983 claim, then federal jurisdiction is lacking. No other basis for subject matter jurisdiction is suggested by Plaintiff's filings. A procedural rule authorizing the issuance of an injunction, such as Fed. R. Civ. P. 65., does not confer jurisdiction. *See Citizens Concerned for Separation of Church & State v. City of Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980).

Plaintiff also objects to Judge Erwin's conclusion that, if the action is dismissed, additional motions that were filed contemporaneously with the Motion for Injunction should be denied as moot. Although the relief requested by these motions is unclear, they appear to seek information regarding his parents' assets and estates, and extensions of time to pursue matters regarding the estates due to Plaintiff's incarceration. He contends that federal jurisdiction exists due to his mother's Native American heritage and his father's receipt of federal benefits and that venue is proper because his parents resided in this judicial district before their deaths.

Plaintiff's jurisdictional argument is incorrect. "It is well settled that a proceeding purely for the establishment and probate of a will, and matters of strict probate relating to the administration of estates of decedents are not within the general equity jurisdiction of the courts of the United States." *Caesar v. Burgess*, 103 F.2d 503, 506 (10th Cir. 1939). In cases involving Native American property rights, jurisdiction over estate and probate proceedings is vested in the Secretary of the Interior. *See* 25 U.S.C. § 372. However,

3

Plaintiff's allegations provide no basis for a finding of original jurisdiction regarding assets of his parents' estates.

For these reasons, the Court finds that this action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for lack of jurisdiction and failure to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is ADOPTED as set forth herein. This action is DISMISSED without prejudice to refiling. A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this  3rd  day of August, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE